UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH A SPECIFIED PHONE NUMBER, THAT IS STORED AT PREMISES CONTROLLED BY VERIZON WIRELESS | Misc. No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, **Detective Eric Walsh**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Verizon Wireless ("Verizon"), an electronic communication and/or remote computing service provider located in Bedminster, NJ. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Verizon to disclose certain records and other information pertaining to the Verizon account(s) associated with the phone number 240-715-5425, further described in Attachment B.

2. As a Detective with the Metropolitan Police Department (MPD) in Washington, DC, I am charged with enforcing all federal laws and those in Washington, DC. I am currently a detective with the Youth and Family Services Division's Physical and Sexual abuse unit. My tenure with the MPD spans more than 13 years, and I have been conducting criminal investigations in this capacity for more than four years. I am responsible for investigating crimes

involving individuals who are under 18 years of age and have been physically abused by an individual acting in loco parentis, or sexually abuse in any manner.

3. As a detective of the Metropolitan Police Department, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer, I am authorized to execute warrants issued under the authority of the United States.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2423(a) have been committed by the defendant, Anthony Brooks. There is also probable cause to search the information described in Attachment A for evidence of these crimes further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237. Furthermore, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

## PROBABLE CAUSE

7. The complainant, J.W., is a 14-year-old female child. On September 19, 2017, W-1, the complainant's father, contacted the Metropolitan Police Department Youth and Family

Services Division (YFSD) in reference to a sexual abuse allegation. He reported that he had observed text messages on the complainant's cell phone that were sexual in nature exchanged between the complainant and a cell phone number assigned to the contact name "Ant". W-1 plugged the number for "Ant" into his own phone and found that the number belonged to Anthony Brooks, the complainant's court-ordered mentor/tutor who was approximately 26-28 years old.

8. W-1 provided the complainant's cellular phone to law enforcement, and provided law enforcement consent to access the device. The phone number associated with the complainant's phone is 301-535-9543. A review of the text messages in question revealed that the phone number associated with the contact name "Ant" is 240-715-5425. An initial public records search indicated that T-Mobile US was the service provider for the number 240-715-5425. In response to legal process, however, T-Mobile US advised that Verizon was, in fact, the service provider for the number 240-715-5425 during the time period in question, and a subsequent records search conducted by the Federal Bureau of Investigation likewise confirmed that Verizon was the service provider associated with the number during the period in question.

9. On the evening of September 19, 2017, YFSD Detective Eric Walsh, the undersigned, conducted an interview with the complainant in reference to the allegations. The complainant stated that the defendant, identified as Anthony Brooks, was her mentor while she attended a court-ordered program. She advised that she changed programs and should have been assigned a new mentor. However, the complainant and the defendant continued to speak with one another both on the phone and over text message. The complainant also advised that she

originally obtained the defendant's cellular phone number from another young member of the same program through which the complainant met the defendant.

10. The complainant disclosed that one morning in mid-July, while she was at her father's house; the defendant picked her up in front of the location. The house was located on Minnesota Avenue SE in Washington, D.C. The complainant accompanied the defendant to his house. The complainant described the house as a large house with brown brick and a garage on the right side of the house. Law enforcement investigation revealed that a house matching the complainant's description and held in the defendant's name is located in Indian Head, Maryland.

11. The complainant stated that while at the defendant's residence, she and the defendant engaged in vaginal intercourse. The complainant specified that the defendant's penis penetrated her vagina. The complainant stated that this incident occurred between July 4, 2017 and July 19, 2017, when she was arrested. The undersigned detective's review of text messages on the complainant's cell phone thus far corroborates this. Specifically, on July 13, 2017, there is a text message exchange between the defendant and the complainant as the defendant is on his way to pick up the complainant at her father's house early in the morning. At 6:04 a.m., the defendant indicated that he was on his way. At 6:36 a.m., the defendant indicated that he was approximately five minutes away. At 6:41 a.m., the defendant indicated that he was pulling up at the complainant's father's house. There appeared to be no further text messages between the defendant and the complainant that day until 1:42 p.m., when the complainant thanked the defendant, then at 1:43 p.m., the defendant said "You're welcome," and at 1:43 p.m., the complainant indicated that she missed the defendant already.

12. During the course of the interview with the complainant, the complainant further stated that she visited the defendant's house on two additional occasions. Both times, the defendant picked her up from in front of her father's house on Minnesota Avenue, when she was on a weekend pass from the group home. Both times, the defendant drove them to his house in Indian Head, Maryland, and engaged in vaginal intercourse with her.

13. The complainant indicated that the second and third incidents occurred between July 19, 2017 and prior to her returning to school on August 21, 2017. The complainant advised that on these occasions, the defendant picked her up at her father's house in Washington, D.C. and drove her to his residence in Indian Head, Maryland, and engaged in sexual acts with her. The complainant indicated that on both of those occasions, she understood that they would be engaging in sexual intercourse at the defendant's house. The complainant told the undersigned detective that the defendant picked her up and took her to his house in Maryland a total of three times, and that each time, the defendant engaged in vaginal intercourse with the complainant.

14. On September 20, 2017, the undersigned identified the defendant as Anthony Brooks, confirmed that he was 28 years old between July 4, 2017 and August 21, 2017. The undersigned obtained a photograph of the defendant from the Maryland Department of Motor Vehicles, and showed a single confirmation photograph depicting the defendant, Anthony Brooks, to the complainant. The complainant stated, and wrote, "Anthony" below the photograph. She further advised the undersigned that this was the individual about whom she spoke with the undersigned.

15. The undersigned then presented the complainant a color photograph of the defendant's residence in Indian Head, Maryland. The complainant stated that this was the

residence where she and Anthony had vaginal intercourse. The complainant wrote on the back of the photograph, "That's is [sic] the house he took me too [sic] that I was telling the det."

16. At approximately 2030 hours on September 20, 2017, the defendant was parked at the corner of Raleigh Street and Martin Luther King Jr. Ave SE, Washington D.C. He had been contacted from the complainant's cellular phone and been asked to meet her there. The undersigned and additional members of YFSD stopped the defendant and placed him under arrest for the listed charge.

17. The defendant was transported to the Sixth District police station, where he was advised of his *Miranda* rights. The defendant chose to provide a statement, which was audio and video recorded. During the interview, the defendant admitted that on one occasion, he picked the complainant up from her father's house located on Minnesota Avenue SE and transported her to his house in Indian Head, Maryland. The defendant stated that while at the house, things between him and the complainant became inappropriate and he later acknowledged that they engaged in sexual intercourse. The defendant stated that the complainant has been to his house on two occasions but they only had sexual intercourse once. The defendant stated that he thought the complainant was 17 years old and that her father told her the child was in 11th grade. The defendant also claimed that he had sex with the complainant only on one occasion—the first time he came to her house—and that he did not transport her to his house with the intent to have sex with her. The defendant identified his phone number as 240-715-5425.

18. On October 2, 2017, a follow-up interview with the complainant was conducted. During the interview, the complainant viewed text messages between herself and the defendant transmitted between July 10, 2017 and July 13, 2017. The complainant explained that on both

July 11, 2017 and on July 13, 2017, the defendant picked her up from her home in Washington D.C. and transported her to his home, where he had sex with her. The complainant advised that the location where they had sex was the house she had previously identified for the detectives, which is located in Indian Head, Maryland.

## SUMMARY OF RELEVANT TECHNOLOGY

19. A cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. Cellular telephones rely on cellular towers, the location of which may provide information on the location of the subject telephone. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

20. In addition to enabling voice communications, cellular telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Cellular telephones may also include global positioning system ("GPS") technology for determining the location of the device.

## CONCLUSION

21. I respectfully submit that this affidavit supports probable cause for a warrant to require Verizon to disclose to the United States records and other information pertaining to the account described in Attachment A for records described in Attachment B.

Respectfully submitted,

_____
Eric Walsh
Detective, Metropolitan Police Department

Subscribed and sworn to before me on this ____ day of _____, 2017.

_____
THE HONORABLE J. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE